Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Counsel for Plaintiffs,*
*Collective Action Members,*
*and The Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE LUIS SANANGO and SERGIO TEPOX, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

6961 JUNIPER BLVD SOUTH CORP. d/b/a ERASMO RISTORANTE ITALIANO, and MAURICIO TROIA a/k/a MAURIZIO TROIA, and JOHANN A. TROIA, individually,

Defendants.

Case No. 25 CV 3771

**FLSA COLLECTIVE ACTION COMPLAINT AND CLASS ACTION**

ECF Case

Jury Trial Demand

---

Plaintiffs, Jose Luis Sanango and Sergio Tepox (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, respectfully file this Collective and Class Action Complaint against Defendants, 6961 Juniper Blvd South Corp., *dba* Erasmo Ristorante Italiano, and/or any other business entity doing business as "Erasmo Ristorante", located at 6961 Juniper Boulevard South, Middle Village, New York 11379, ("the corporate defendant" or "Erasmo Ristorante") and Mauricio Troia also known as Maurizio Troia, and Johann A. Troia, individually (all defendants collectively, "Defendants") and state as follows:

## INTRODUCTION

1. This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), and the New York Labor Law, arising from Defendants' failure to pay non-exempt employees wages for all hours worked, minimum wages, and overtime compensation.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and New York Labor Law by engaging in a practice of failing to pay its employees, including Plaintiffs, wages, minimum wages and overtime compensation for all hours over forty (40) each workweek.

3. Plaintiffs allege that, pursuant to the FLSA, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for days when they worked a span in excess of ten (10) hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

7. Plaintiffs are adult residents of Queens County in the City of New York.

8. Upon information and belief, Defendant, 6961 Juniper Blvd South Corp., is a domestic business entity, organized and existing under the laws of the State of New York, with a principal place of business at 6961 Juniper Blvd South, Middle Village, New York 11379.

9. Upon information and belief, Defendant, Mauricio Troia, also known as Maurizio Troia, is an owner, general manager, officer, director and/or managing agent of the corporate defendant, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

10. Upon information and belief, Defendant, Johann A. Troia, is an owner, officer, director and/or managing agent of the corporate defendant, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

11. The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was controlled by defendants Mauricio Troia and Johann A. Troia.

12. Plaintiff, Jose Luis Sanango, was employed by Defendants as a bus person and food runner, beginning in or around February 2021 until on or about June 9, 2025, without interruption.

13. Plaintiff, Sergio Tepox, was employed by Defendants as a cook and food preparation assistant, beginning in October 2023, until October 2024, without interruption.

14. At all relevant times, the corporate defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs was directly essential to the restaurant operated by the corporate and individual defendants.

16. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

17. Defendant Erasmo Ristorante, is registered to do business, and does business, in New York.

18. The corporate defendant operates an Italian restaurant in Queens County, New York, and is in the business of preparing and selling food and drinks to the general public.

19. Food products sold at Defendant Erasmo Ristorante as well as other products used at the establishment, traveled interstate before being sold to the general public.

20. The individual defendant Mauricio Troia, also known as Maurizio Troia exercised control over the terms and conditions of Plaintiffs' and other similarly situated employees' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of his employees' employment.

21. The individual defendant Johann A. Troia, exercised control over the terms and conditions of Plaintiffs and other similarly situated employees' employment in that she has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of his employees' employment.

22. At all times relevant to this litigation, Defendants were the Plaintiffs' employer within the meaning of the FLSA and the New York Labor Law.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees lawfully earned wages, minimum wages, and overtime compensation in contravention of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### a. Plaintiff Jose Luis Sanango

24. In or about February 2021, Plaintiff, Jose Luis Sanango, was hired by Defendants to work as a bus person and food runner, for Defendants' restaurant known as "Erasmo Ristorante", located at 6961 Juniper Boulevard, Middle Village, New York 11379.

25. Plaintiff, Jose Luis Sanango, worked continuously for the Defendants from February 2021 until on or about June 9, 2025.

26. During Plaintiff Jose Luis Sanango's employment by the Defendants, he generally worked over forty (40) hours per week. Plaintiff Jose Luis Sanango worked approximately fifty-two (52) hours per week and was paid at a rate of $10.00 per hour. He was paid below the required minimum wage and was not paid wages for hours worked in excess of forty (40). He was paid for less hours than he actually worked, each week.

27. Plaintiff Jose Luis Sanango was not paid for all hours worked, minimum wages, or overtime compensation.

28. Defendants failed to pay Plaintiff at the proper statutory minimum wage rate for all hours worked.

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

30. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

31. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

32. Defendants were not entitled to take a "tip credit" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including

Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiff, the proper minimum wage afforded to tipped employees (or the proper overtime rate), and (iii) failed to provide accurate or proper wage statements informing tipped employees, including Plaintiff, of the legally permitted "tip credit" taken for each payment period, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of his working hours each workday.

33. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying proper wages for all hours worked, to the Plaintiff.

**b. Plaintiff Sergio Tepox**

34. In or about October 2023, Plaintiff, Sergio Tepox, was hired by Defendants to work as a cook and kitchen preparation helper, for Defendants' restaurant known as "Erasmo Ristorante", located at 6961 Juniper Boulevard, Middle Village, New York 11379.

35. Plaintiff, Sergio Tepox, has worked continuously for the Defendants from October 2023 through October 2044.

36. During Plaintiff Sergio Tepox's employment by the Defendants, he generally worked over forty (40) hours per week.

37. During Plaintiff Sergio Tepox's employment by the Defendants, he generally worked over forty (40) hours per week. Plaintiff Sergio Tepox generally worked fifty (50) hours per week.

38. Plaintiff Sergio Tepox was not paid overtime compensation. Plaintiff Sergio Tepox was an hourly rate of $18.00 per hour, for all hours worked. Work performed above forty (40) hours per week was not paid at time and one-half his regular

rate of pay as required by state and federal law. He was paid partly by check and partly by cash, at the same hourly rate of pay.

39. Sergio Tepox was not paid proper overtime wages. Work performed above forty (40) hours per week was not paid at time and one-half the regular rate as required by state and federal law.

40. Work performed by Plaintiff and similarly situated employees above forty (40) hours per week was not paid at time and one-half their regular rate of pay as required by state and federal law.

## COLLECTIVE ACTION ALLEGATIONS

41. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiffs and other similarly situated employees.

42. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43. Pursuant to 29 U.S.C. § 207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant since June 2019 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their

regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt cooks, kitchen preparation assistants, bus persons, food runners, dishwashers, and cleaners, who currently are, or have been employed by the Defendants for up to the last six (6) years, through entry of judgment in this case (the "Collective Action Period"), and whom did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

45. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, the class is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

46. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action

Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

48. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether Defendants failed to pay wages, minimum wages, and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

c. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

d. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## CLASS ACTION ALLEGATIONS

50. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

51. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since June 2019 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime compensation in violation of the New York Labor Law (the "Class").

52. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the class consists of up to one hundred, current and former Erasmo Ristorante employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

53. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

54. The Defendants acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

56. Plaintiffs will fairly and adequately protect the interests of the NY Class Members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

57. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

58. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

59. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. Whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. Whether Defendants failed to pay wages, minimum wages, and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

c. Whether Defendants' violations of the New York Labor Law were willful as that term is used in the context of the New York Labor Law;

d. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM
## COUNT I
## [Violation of the Fair Labor Standards Act]

60. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

63. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

64. Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

65. Defendants failed to pay Plaintiffs and the Collective Action Members wages for all hours worked, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

66. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members for all hours worked, and by failing to compensate Plaintiffs and the Collective Acton Members at the minimum wage and statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and the Collective Action Members.

68. Records concerning the number of hours worked by Plaintiffs and the Collective Action Members and the actual compensation paid to Plaintiffs and the Collective Action Members are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

69. Defendant failed to properly disclose or apprise Plaintiffs or the Collective Action Members of their rights under the FLSA.

70. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

71. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

72. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

73. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. At all relevant times Plaintiffs, and the Collective Action Members and Class were employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

75. Defendant knowingly and willfully violated Plaintiffs, the Collective Action Members', and the Class' rights by failing to pay them wages for all hours worked, minimum wages, and overtime compensation at rates of not less than one and one-half times the minimum wage, for each hour worked in excess of forty (40) hours in a workweek.

76. Defendants knowingly and willfully violated Plaintiffs', the Collective Action Members', and the Class' rights by failing to pay proper overtime compensation.

77. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

78. Plaintiffs, the Collective Action Members, and the Class are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs, the Collective Action Members, and the Class also seeks liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

**COUNT III**
**[New York Wage Theft Prevention Act Written Notice Requirements]**

79. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "78" of this Complaint as if fully set forth herein.

80. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

81. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

82. Defendants did not provide Plaintiffs, collective action members, and the class, with a written statement properly accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

83. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

84. Defendants willfully disregarded and evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

85. Plaintiffs were not provided with true and accurate wage statements as required by law.

86. At times relevant to this action Plaintiffs were paid cash, and not provided with a wage statement as required by law, New York Labor Law § 195(3).

87. By failing to provide a wage notice and weekly wage statement, identifying their actual hours worked, Defendants prevented Plaintiffs and others from determining and seeking payment for the precise number of unpaid hours and, therefore, prevented Plaintiffs from promptly and precisely raising issues of underpayment with their employers. As a result, Plaintiffs were harmed by being deprived of income for longer than they would have been had she been able to raise the issue earlier and may never receive adequate compensation for all the hours they worked.

88. As a result of Defendants' violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiffs may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

89. As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiffs may recover statutory penalties for

each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

90. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and all other similarly situated Collective Action Members and the Class, respectfully request that this Court grant the following relief:

(a) Designation of this action a collective action on behalf of the Collective Action Members and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

(b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(d) An award of unpaid wages, minimum wages, overtime compensation and spread of hours premiums, due under the FLSA and New York Labor Law;

(e) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' willful failure to pay wages and overtime compensation pursuant to the New York Labor Law;

(g) An award of costs and expenses of this action together with reasonable attorneys' fees;

(h) An award of prejudgment and post-judgment interest; and

(i) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 8, 2025

Respectfully submitted,

CILENTI & COOPER, PLLC
***Attorneys for Plaintiffs, Collective Action Members, and Class***
60 East 42nd Street – 40th Floor
New York, New York 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
pcooper@jcpclaw.com

By: ______________________
Peter Hans Cooper (PHC 4714)

**NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED**

To: Mauricio Troia
Johann A. Troia

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jose Luis Sanango and Sergio Tepox intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of 6961 Juniper Blvd South Corp., for all debts, wages and / or salaries due and owing to her as laborer, servant, and / or employee of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorneys, to make this demand on their behalf.

Dated: New York, New York
July 8, 2025

Respectfully submitted,

By: ______________________________
Peter Hans Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Jose Luis Sanango, am an individual currently or formerly employed by Erasmo and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
July 7th, 2025

Jose Luis Sanango

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Sergio Tepox, am an individual currently or formerly employed by Erasmo Ristorante and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
June 28, 2025

[signature]